```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

WILLIAM WOLFE                                                PLAINTIFF

        v.              Case No. 08-5205

FAYETTEVILLE, ARKANSAS
SCHOOL DISTRICT                                              DEFENDANT

## O R D E R

Currently before the Court is Plaintiff William Wolfe's First Set of Motions in Limine. (Doc. 105). For his first set of motions, Plaintiff seeks to exclude statements indicating that he planned to bring a gun to school, evidence concerning a "letter opener/pen knife" that he possessed at school, and evidence related to the awards, accomplishments, and/or organizational affiliations of the Fayetteville School District and its employees. Plaintiff contends that each of these topics represents impermissible character evidence and that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. The Court disagrees, and Plaintiff's motion is **DENIED.**

The statements indicating that Plaintiff planned to bring a gun to school and evidence concerning a "letter opener/pen knife" that he possessed at school are not character evidence. In civil cases, character evidence is generally governed by Federal Rule of Evidence 404. The thrust of the rule is that a party may not utilize character evidence to show that the opposing party acted "in conformity therewith" during the events that gave rise to the controversy. Fed. R. Evid. 404(a). To show that a party acted "in

conformity" with a particular trait during the events of the case in question, the evidence that shows conformity must predate the events giving rise to the lawsuit. In the present case, the evidence that Plaintiff seeks to exclude is part of the events that gave rise to this action. The mere fact that it reflects unfavorably on Plaintiff, or may be considered character evidence in future litigation, does not serve as a basis for exclusion; this is not the rule. Therefore, Rule 404 does not serve as a basis for excluding either the gun or "letter opener/pen knife" incident.

Alternatively, Plaintiff argues that the probative value of these incidents is substantially outweighed by unfair prejudice. Fed. R. Evid. 403. A central issue in this case is the manner in which the Fayetteville School District responded to alleged harassment inflicted on Plaintiff. The full context of the events and circumstances surrounding Plaintiff's interaction with his peers and school officials is necessary to evaluate this issue. As such, the gun and "letter opener/pen knife" incidents have probative value, and while the unfavorable evidence may prejudice Plaintiff, this prejudice is not unfair based on the issues in this case. Therefore, the evidence is provisionally admissible.[1]

---

[1] The Court notes that Plaintiff appears to contend that some of his out of court statements are hearsay. To the extent that a witness testifies about what Plaintiff said, there is no hearsay. *See* Fed. R. Evid. 801(d)(2). Therefore, the Court construes this argument in terms of what is commonly referred to as "double" or "triple hearsay." Plaintiff has not offered any rule of evidence in support of his argument. This Order should not be interpreted as limiting Plaintiff's right to make a specific hearsay objection at trial.

Plaintiff also contends that evidence related to the awards, accomplishments, and/or organizational affiliations of the Fayetteville School District or its employees is not admissible. In support, Plaintiff presents arguments under Rules of Evidence 403 and 404. As stated, a central issue in this case is the manner in which the Fayetteville School District responded to alleged harassment. Plaintiff has necessarily placed certain characteristics regarding district operations and discipline at issue. As a result, the district should be permitted to present relevant evidence, within limits largely defined by the nature of Plaintiff's claims and evidence, concerning the overall quality operations, performance, and discipline. Therefore, the evidence is provisionally deemed admissible.

For the previous reasons, Plaintiff William Wolfe's First Set of Motions in Limine is **DENIED.**

IT IS SO ORDERED this 3rd day of May 2010.

>  /s/ Robert T. Dawson
>  Honorable Robert T. Dawson
>  United States District Judge