```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

WILLIAM WOLFE                                           PLAINTIFF

    v.                Case No. 08-5205

FAYETTEVILLE, ARKANSAS
SCHOOL DISTRICT                                         DEFENDANT

## **O R D E R**

Currently before the Court is Defendant Fayetteville School District's Motion to Exclude or in the Alternative Motion in Limine. (Doc. 106). For its motion, Defendant seeks exclusion of evidence relating to posts on websites such as "Facebook" and "MySpace," the "Everybody Hates Billy" T-shirt ad, a fight that occurred in May 2006 near Gulley Park, the 1998 Commitment to Resolve ("CTR") entered into by the district, the testimony of William and Carolyn Wagner, the district's insurance policy, testimony about the general perception that Plaintiff is gay, student records, emails between Plaintiff's parents and the district, and hypothetical questions related to name-calling. For reasons recited herein, Defendant's motion is **GRANTED IN PART AND DENIED IN PART.**

Defendant contends that posts on websites such as "Facebook" and "MySpace," the "Everybody Hates Billy" T-shirt ad, and evidence relating to a fight that occurred in May 2006 near Gulley Park are inadmissible. Particularly, Defendant asserts that it can only be held liable for harassment that occurred where it "exercises substantial control over both the harasser and the context in which

the known harassment occurs." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 645 (1999). Defendant's legal statement is well-taken. Indeed, an effort by Plaintiff to hold the district liable for incidents that occurred beyond the reach of the district and its officials is impermissible. However, all harassment that occurred outside the school environment is not rendered completely inadmissable simply because liability does not result directly therefrom. To the contrary, the evidence that Defendant seeks to exclude remains relevant to issues such as whether peer harassment was motivated on the basis of sex and the extent of the school district's knowledge concerning this harassment. As this Court held in reference to Plaintiff's motions in limine, the full context of the events and circumstances surrounding Plaintiff's interaction with his peers and school officials is necessary to evaluate the issues in this case. The mere fact that evidence is not probative as to one issue does not render it irrelevant to all issues.

    Defendant further states that the probative value of these incidents is substantially outweighed by unfair prejudice. Fed. R. Evid. 403. The Court disagrees. Any prejudice that results from the unfavorable evidence can be cured by vigorous cross examination and presentation of evidence to the contrary. Therefore, the evidence is provisionally admissible.

    Defendant also contends that its Commitment to Resolve is a

subsequent remedial measure and therefore inadmissable. Fed. R. Evid. 407. Under Rule 407, "[w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . culpable conduct . . . ." The district entered the CTR in 1998 in order to remediate the complaints of a former student. The CTR did not result from a direct attempt to remdiate the alleged harassment suffered by Plaintiff. In this vein, a measure implemented in 1998 cannot subsequently remedy harassment that allegedly occurred years later. Therefore, the evidence is provisionally admissible.

In a related argument, Defendant seeks to exclude the testimony of William and Carolyn Wagner. Harassment of William Wagner ultimately resulted in the Fayetteville School District's implementation of its CTR in 1998. Carolyn Wagner is William Wagner's mother. As stated, the harassment that resulted in the CTR occurred years before that allegedly suffered by Plaintiff. Plaintiff has provided no indication that William Wagner has personal knowledge of either the harassment allegedly suffered by Plaintiff or the response by the district. However, Plaintiff states that during a Fayetteville school board meeting, Carolyn Wagner attempted to address the harassment allegedly suffered by Plaintiff but was turned away. She will be permitted to testify

about this incident. Further testimony, related to issues such as her perception of damages or specifics about the harassment allegedly suffered by her son, will not be permitted. Therefore, the testimony of William Wagner is provisionally inadmissible while the testimony of Carolyn Wagner is admissible subject to the limitations stated herein. The Court will revisit the scope of this ruling at either party's request should evidence at trial so dictate.

Defendant also seeks to prevent Plaintiff from introducing evidence of insurance coverage held by the Fayetteville School District. It is well-established that evidence of coverage is "not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Based on the nature of the present case, an alternative reason for introducing this evidence is not clear; Plaintiff concedes this. Therefore, the evidence is inadmissible.

Finally, Defendant attempts to exclude general testimony about the perception that Plaintiff is gay, student records, emails between Plaintiff's parents and the district, and hypothetical questions related to name-calling. As its basis, Defendant makes vague evidentiary arguments. Defendant states that Plaintiff's counsel must lay a proper foundation before asking particular questions, avoid questions that call for legal conclusions, and properly authenticate documentary evidence. The Court cannot

evaluate these arguments without reference to particular deficiencies suffered by specific pieces of evidence. Defendant's arguments are best reserved for objection during trial. Therefore, the evidence is provisionally admissible subject to Defendant's right to object at trial.

For the previous reasons, Defendant Fayetteville School District's Motion to Exclude or in the Alternative Motion in Limine (Doc. 106) is **GRANTED IN PART AND DENIED IN PART.**

IT IS SO ORDERED this 4th day of May 2010.

>	*/s/ Robert T. Dawson*
>	Honorable Robert T. Dawson
>	United States District Judge